IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

IN RE:                                          )
                                                )
JEFFREY BLAZE REGIER,        )        Case No. 09-60828
                                                )
            Debtor.                       )

## ORDER DENYING MOTION FOR VIOLATION OF THE DISCHARGE INJUNCTION AND STATING AMOUNT OF I.R.S. DEBT NOT SUBJECT TO DISCHARGE PURSUANT TO 28 U.S.C. § 1328(a)(2)

Debtor Jeffrey Blaze Regier submitted a letter to the Court which we treated as a Motion for Violation of the Discharge Injunction. In sum, the Debtor stated that the Internal Revenue Service was attempting to collect tax debts which he believed had either been paid or discharged in his Chapter 13 case. At the hearing on such motion, the IRS established that certain income taxes the Debtor owed for the years 2000 through 2005 were, in fact, not paid or discharged.

The Debtor filed this Chapter 13 case on April 22, 2009. The IRS filed a Proof of Claim which it amended several times over the course of the case. The last amendment, filed June 25, 2013, consisted of a priority tax claim for income taxes from years 2006 through 2011 (including some postpetition taxes) in the amount of $115,220.46, and a general unsecured claim for years 1998 through 2005, in the amount of $49,050.56. The Debtor paid the priority claim in full through his Plan, and incorrectly believed the general unsecured claim had been discharged when he received his discharge on June 9, 2014.

Section 1328(a)(2) of the Bankruptcy provides, as relevant here, that a Chapter 13 discharge does not discharge any debt of the kind specified in, *inter*

*alia*, § 523(a)(1)(B).[1] Section 523(a)(1)(B) excepts from discharge any debt for a tax "with respect to which a return . . . if required . . . was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition. . . ."[2]

At the hearing on the Debtor's Motion, Debtor's counsel conceded that the Debtor tardily filed his 2000 through 2005 federal income tax returns in 2008, which was within two years before he filed his bankruptcy petition on April 22, 2009. As a result, they fall within § 523(a)(1)(B)(ii), and, therefore, the taxes for those years were not discharged when the Debtor received his Chapter 13 discharge on June 9, 2014.

Also at the hearing, Debtor's counsel questioned why the IRS filed its claim for these years as part of a general unsecured claim as opposed to a priority claim. Had the IRS filed these taxes as part of its priority claim, then the Debtor says he could have paid them through the Plan, as he did the other priority claim. However, while these tax claims are *nondischargeable* in a Chapter 13 case because the returns were filed late and within two years prior to the bankruptcy case, that does not automatically make them priority claims under § 507.

As relevant here, § 507(a)(8)(A)(i) gives priority status to "allowed unsecured claims of governmental units, only to the extent that such claims are for . . . a tax on or measured by income or gross receipts for a taxable year ending on or before the date of the filing of the petition . . . for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition. . . ." The Debtor does not say he obtained extensions for his 2000 - 2005

---

[1] 11 U.S.C. § 1328(a)(2).

[2] 11 U.S.C. § 523(a)(1)(B)(ii).

tax returns, so each of those returns was last due more than three years before his April 22, 2009 filing. Therefore, they were not entitled to priority under § 507(a)(8)(A)(i), and the Debtor could not have proposed a plan which paid these claims with priority.

In sum, reading §§ 1328(a)(2), 523(a)(1)(B)(ii), and 507(a)(8)(A)(i) together creates a class of income tax debts which are not entitled to priority because the returns are last due, without extensions, more than three years prepetition, but are nondischargeable because the returns were tardily filed within two years prepetition. The Debtor's tax obligations for the years 2000 through 2005 fall within that category.

At the conclusion of the hearing, the Court requested the parties to submit an itemization of the nondischargeable amounts for those tax years. The parties stipulated that, as of December 15, 2014, the following amounts are nondischargeable:

| Year | Amount |
|---|---|
| 2000 | $ 2,959.71 |
| 2001 | 85.22 |
| 2002 | 5,398.71 |
| 2003 | 12,298.10 |
| 2004 | 3,791.12 |
| 2005 | 4,254.54 |
| 2006 | 1,472.55 |
| Total | $30,259.95[3] |

---

[3] These numbers differ from those asserted in the Proof of Claim, perhaps due to waiver of penalties and accrual of interest, but the parties have agreed they are correct, as of December 15, 2014.

Note that this list includes an obligation for the year 2006, which should have been a priority claim under § 507(a)(8)(A)(i) because the return for that year would have been last due, without extensions, on April 15, 2007, which was within the three-year look-back period under that section. Indeed, the 2006 taxes were included in the list of priority claims on the Proof of Claim, and thus should have been included in the $115,220.46 paid through the Plan. As a result, although the Debtor stipulated to the amounts the IRS says are nondischargeable, the tax debt for 2006 appears to have been paid as a priority claim through the Plan, and the nondischargeable amount should thus not include any obligation for 2006. The nondischargeable amount is, therefore, $28,787.40.

ACCORDINGLY, the Debtor's Motion for Violation of the Discharge Injunction is DENIED. The debts for the 2000 through 2005 taxes, in the total amount of $28,787.40, were not discharged in the Debtor's bankruptcy case.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Chief Bankruptcy Judge


Dated: 1/27/2015
Attorney for movant to serve parties not receiving electronic notice